**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

December 20, 2024

Stephen A. Weiss
Seeger Weiss LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
*Counsel for Plaintiff-Relator Resolution NJ LLC*

Bruce R. Ewing
Dorsey & Whitney, LLP
51 West 52nd Street
New York, NY 10019
*Counsel for Defendant Riverside Medical Group, P.C.*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

**Re:  United States of America and the State of New Jersey *ex rel.* Resolution NJ LLC v. Riverside Medical Group, P.C.**
**Civil Action No. 22-4165 (SDW) (LDW)**

Counsel:

Before this Court is Plaintiff-Relator Resolution NJ LLC's ("Plaintiff-Relator") consolidated Motion for Reconsideration (the "Motion for Reconsideration") of this Court's September 6, 2024 Opinion and Order (the "Decision") and Motion for Leave to File a Second Amended Complaint (the "Motion for Leave to Amend").  (D.E. 67.)  This Court having considered the parties' submissions, and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, **GRANTS** the Motion for Reconsideration and **GRANTS** the Motion for Leave to Amend.[1]

**DISCUSSION**

  **I.   Motion for Reconsideration**

   A.  Standard of Review

Although the Federal Rules of Civil Procedure "do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such review."  *Sch. Specialty, Inc. v.*

---

[1] In its opposition, Defendant indicates that it takes no position on the Motion for Reconsideration.

*Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015). Motions to reconsider are proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

    B.  Analysis

Upon careful review of the record and the arguments presented in the Motion for Reconsideration, this Court acknowledges that its prior Decision contained two clear errors of law.

First, the Decision erred in proceeding with an analysis of whether Relator qualified as an "original source" despite finding that the allegations had not been publicly disclosed. As Plaintiff-Relator correctly notes, that "question is only reached if it has already been determined that the relator's claims are based upon allegations that were publicly disclosed." *U.S. ex rel. Landsberg v. Levinson*, No. 03-1429, 2008 WL 2246308, at *2 (W.D. Pa. May 29, 2008). Plaintiff-Relator does not point to any prejudice stemming from this error and the incorrect treatment of this issue was not material to this Court's holding in the Decision.

The second error, if left uncorrected, would result in prejudice to Plaintiff-Relator. Specifically, as Plaintiff-Relator points out, the Decision erroneously referred to an outdated version of the False Claims Act in its analysis. This analysis was material to this Court's holding that it would be necessary for Plaintiff-Relator to amend the complaint to reveal the identity of Plaintiff-Relator's sole principal.

In any event, Plaintiff-Relator's sole principal is now known to both parties, and the current posture of this case has minimized any prejudice to the parties flowing from this oversight. Accordingly, the Motion for Reconsideration is granted, and the Decision is expressly vacated insofar as it relates to the original source exemption and whether the sole principal's identity needed to be revealed in an amended complaint. The Decision, including its holding that Plaintiff-Relator adequately pled its claims against Defendant, will otherwise remain in place.

    II.    **Motion for Leave to Amend**

As part of its Decision, this Court granted Plaintiff-Relator leave to file a Second Amended Complaint to correct the perceived deficiencies. As discussed above, an amended complaint to reveal Plaintiff's identity was and is not now necessary. Instead, Plaintiff-Relator now seeks leave to file a Second Amended Complaint that adds three new defendants — Riverside Pediatric Group, P.C., Riverside Medical LLC, and Riverside Pediatric Group, Inc. — to the case. Defendant opposes on the grounds that the proposed Second Amended Complaint does not adequately plead claims against Riverside Medical LLC and Riverside Pediatric Group, Inc. and would thus be futile.

A.  Standard of Review

Under Federal Rule of Civil Procedure 15, "[t]he court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2).  Leave to amend may be denied on various grounds, including futility of amendment.  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Holst v. Oxman*, 290 F. App'x 508, 510 (3d Cir. 2008) (citation omitted).  In assessing whether a proposed amended complaint is futile, courts apply the same standard of legal sufficiency that applies under Federal Rule of Civil Procedure 12(b)(6).  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  "[T]he futility of amendment may only serve as a basis for denial of leave to amend where 'the proposed amendment is frivolous or advances a claim that is legally insufficient on its face.'" *Miller v. Beneficial Mgmt. Corp.*, 844 F. Supp. 990, 1001 (D.N.J. 1993) (quoting *Harrison Beverage Co. v. Dribeck lmps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990)).

B.  Analysis

Defendant argues that the proposed Second Amended Complaint is futile because it does not meet Rule 9(b)'s fraud pleading requirement with respect to Riverside Medical LLC and Riverside Pediatric Group, Inc.  Defendant does not presently have standing to make this argument. "[C]urrent parties 'unaffected by [the] proposed amendment' do not have standing to assert claims of futility on behalf of proposed defendants." *Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, No. 13-05592, 2014 WL 988829, at *2 (D.N.J. Feb. 27, 2014) (quoting *Clark v. Hamilton Mortg. Co.*, No. 07-00252, 2008 WL 919612, at *2 (W.D. Mich. Apr. 2, 2008)); *see Conrad v. Lopez De Lasalle*, 681 F. Supp. 3d 371, 379–80 (D.N.J. 2023) ("[I]t is inefficient under Federal Rule of Civil Procedure Rule 1 to consider a futility argument raised by a current party but directed to proposed claims against a proposed party at the motion to amend stage.")  "Rather, current parties only possess standing to challenge an amended pleading directed to proposed new parties on the basis of undue delay and/or prejudice." *Custom Pak Brokerage, LLC*, 2014 WL 988829, at *2 (citing *Nat'l Indep. Theatre Exhibitors, Inc. v. Charter Fin. Grp., Inc.*, 747 F.2d 1396, 1404 (11th Cir. 1984) (citation omitted); *Serrano Medina v. United States*, 709 F.2d 104, 106 (1st Cir. 1983) (citation omitted).  Defendant has not argued that the proposed Second Amended Complaint would result in undue delay and/or prejudice and, regardless, this Court finds that Plaintiff-Relator acted in a timely manner and that Defendant would not be prejudiced in any way by the amendment.

To the extent Defendant would argue that they are so closely related to the new defendants as to be effectively making the arguments on their behalf, those entities still would not have standing at this juncture as the non-parties are not yet named in the action.  *See Custom Pak Brokerage,* LLC, 2014 WL 988829, at *2-3 (D.N.J. Feb. 27, 2014) (holding that proposed new defendants lack standing to oppose a motion to amend the pleadings); *Tri Star Metals LLC v. Burgess*, No. 18-251815, 2019 WL 13395377, at *2 (D.N.J. Aug. 12, 2019) ("Ultimately, as a non-party, [the proposed new defendant] lacks standing to oppose the Motion [for leave to amend].").

In sum, it is a fundamental principle that a litigant "must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties."

*Powers v. Ohio*, 499 U.S. 400, 410 (1991) (citations omitted). Courts that have considered this issue have routinely noted the concerns that would arise from allowing a party to make a futility argument on behalf of a non-party. For example, several courts have considered the effect of Federal Rule of Civil Procedure 11, which requires that papers submitted be signed "by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11; *see Firefighters' Retirement Sys. v. Citco Grp. Ltd.*, No. 13-373, 2017 WL 3492992, at *2 (M.D. La. Aug. 14, 2017) (held under Rule 11 that "[c]ounsel who filed the present motion represents CFS Cayman Islands, not CFS Suisse" and that "CFS Cayman lacks capacity to move for relief on behalf of co-defendant CFS Suisse"). Conducting a detailed futility analysis at this stage could also result in deciding a dispositive issue twice, which implicates due process and judicial economy concerns. For example, if this Court were to hold that the amendment is not clearly futile, the newly-added defendants could still move to dismiss which would result in this Court issuing two similar rulings, as well as the newly-added defendants potentially adjusting their arguments to adapt to how this Court ruled on the futility issue. *See Conrad*, 681 F. Supp. 3d at 382 (noting that "addressing futility at the motion to amend stage may result in two decisions on dispositive issues").

The newly-added defendants remain free to respond to the Second Amended Complaint as they feel is appropriate, but this Court declines to impute Defendant's arguments to them at this time. *See Colombo v. Bd. of Educ. for the Clifton Sch. Dist.*, No. 11-785, 2016 WL 6403081, at *2 (D.N.J. Oct. 27, 2016) ("In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss.") (citations omitted).

**CONCLUSION**

For the reasons set forth above, Plaintiff-Relator's Motion for Reconsideration of this Court's September 6, 2024 Opinion and Order and Motion to Amend are both **GRANTED**. Plaintiff-Relator shall file the Second Amended Complaint within thirty (30) days of the date of this Opinion. The parties shall continue with discovery. An appropriate order follows.

      */s/ Susan D. Wigenton*
    **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
        Leda D. Wettre, U.S.M.J.